UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION at LAFAYETTE

| | |
|---|---|
| WILLIAM YOUNGBLOOD, ) <br> BY HIS GUARDIAN AND NATURAL ) <br> PARENT, LISA YOUNGBLOOD ) <br> ) <br> v. ) <br> ) <br> ) <br> DOLGENCORP, LLC. ) <br>       Defendant ) | CAUSE NO. |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the Plaintiff, William Youngblood by his Guardian and Natural Parent, Lisa Youngblood, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO, P.C.**, and for their cause of action against the Defendant, Dolgencorp, LLC., allege and state as follows:

1. At all relevant times herein, William Youngblood (hereinafter "William") was a resident of Demotte, Newton County, in the State of Indiana.

2. At all relevant times herein, Lisa Youngblood (hereinafter "Lisa") was the natural parent and guardian of William Youngblood.

3. At all relevant times herein, Lisa Youngblood was a resident of Demotte, Newton County, in the State of Indiana.

4. At all relevant times herein, Dolgencorp, LLC., (hereinafter "Dolgencorp") was a foreign Limited Liability Company, incorporated in the state of Kentucky, engaged in the business of retail sales, with a principle place of business located at 100 Mission Ridge, Goodlettsville, Tennessee.

5. At all relevant times herein, Dolgencorp, LLC. owned and operated the Dollar General located at 11802 W. IN 10, Demotte, Indiana, 46310.

6. At all relevant times herein, Dolgencorp, LLC. owned and operated the Dollar General located at 24031 Laverne Dr., Schneider, Indiana 46376.

7. At all relevant times herein, William Youngblood was diagnosed with Autism and Moderate Mental Retardation in accordance with the American with Disabilities Act.

8. Pursuant to 28 U.S.C. 1331, this matter is sufficient to invoke the original jurisdiction of the Northern District of Indiana due to the allegations that the Defendant has violated the United States Constitution and/or other federal laws.

## COUNT 1
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT IN CONTRADICTION OF 42 U.S.C. 12182

Comes now the Plaintiffs, WILLIAM YOUNGBLOOD by his Guardian and Natural Parent, LISA YOUNGBLOOD, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO, P.C.**, and for Count I of his cause of action against the Defendant, DOLGENCORP. LLC., allege and state as follows:

9. Plaintiff repeats and re-alleges the allegations contained in rhetorical paragraphs one (1) through eight (8) above, including sub-parts, as rhetorical paragraph nine (9) of Count I of this cause of action.

10. Under the terms of the Americans with Disabilities Act, a disability is defined as a physical or mental impairment that substantially limits one or more major life activities of such individual and/or a record of such impairment.

11. Under the terms of the Americans with Disabilities Act, major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

12. On and before May 18, 2018, William Youngblood was a disabled individual, possessing impairment of major life activities, including but not limited to, caring for himself, performing manual tasks, speaking, learning, concentrating, thinking, communicating, and working.

13. On or before May 18, 2018 Dolgencorp, LLC., owned and operated two (2) Dollar General stores, which is classified as a "place of public accommodation" under the terms of the Title II of the Americans with Disabilities Act.

14. Under the terms of the Americans with Disabilities Act, a place of accommodation is a private entity that is considered a public accommodation if the operations of that entity affect commerce, including but not limited to a grocery store, clothing store, hardware store, shopping center and/or other sales or retail establishment.

15. On or before May 18, 2018 Dolgencorp, LLC., owned and operated Dollar General, which was a sales establishment under the terms of Title II of the Americans with Disabilities Act.

16. Under the terms of the Americans with Disabilities Act, the term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices; the removal of architectural, communication, or transportation barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

17. On or before May 18, 2018, the Plaintiff, William Youngblood, was a "qualified individual with a disability."

18. On or about May 18, 2018, and numerous dates thereafter, William Youngblood was subjected to ridicule, expulsion, "special rules", and other treatments by the Defendant designed to discourage his patronage, including, but not limited to the following:

    A. On or about May 18, 2018, the store manager of the Roselawn Dollar General informed William's mother, Lisa Youngblood, that William was no longer welcome at the store.

    B. On or about January 4, 2019, the store manager of the Schneider Dollar General informed William's mother, Lisa Youngblood, to keep him out of the store during the afternoons.

    C. That employees/managers of the Schneider Dollar General instituted a list of "William rules" that do not apply to other customers; including but not limited to, required to purchase everything in his cart upon checking out, irrespective of changing his mind or not having the funds, and required to purchase items that have been in his cart for over twenty (20) minutes.

19. On or before May 18, 2018, due to the Plaintiff, William Youngblood's status as a disabled person and qualified individual with a disability, the Defendant owed an affirmative duty and/or otherwise a duty to the Plaintiff.

20. On or about May 18, 2018 and continuously thereafter, Defendant has breached said duty owed to the Plaintiff, thereby causing the Plaintiff, William Youngblood, personal and pecuniary injuries, and further, violating his rights under the Americans with Disabilities Act.

21. On or about May 18, 2018, and continuously thereafter, the Defendant, Dolgencorp, LLC., owed a duty to the Plaintiff, William Youngblood, to ensure that under the terms of the

Americans with Disabilities Act, no qualified individual with a disability, by reason of such disability, is excluded from participation in or be denied the benefits of services, programs, or activities of a place of public accommodation, or be subject to discrimination by any such entity, in a reasonable and prudent manner. Notwithstanding, the Defendant breached its duty to the Plaintiff in one or more of the following respects:

A. The Defendant intentionally discriminated against the Plaintiff because of his Autism and Moderate Mental Retardation during a majority of his encounters with the Defendant on and after May 18, 2018, including but not limited to, shopping, purchasing merchandise and providing customer service.

B. The Defendant breached its affirmative duty to the Plaintiff to create policies and procedures to prevent discrimination and injury based on disability in violation of the Americans with Disabilities Act.

C. The Defendant failed to reasonably accommodate Plaintiff in violation of the Americans with Disabilities Act.

D. The Defendant knew that Plaintiff is Autistic and has Moderate Mental Retardation, yet continued to discriminate against him during his encounters with Dollar General.

E. The Defendant failed to afford the Plaintiff with equal access to any and all serviced afforded to the public by the Defendant.

F. The Defendant failed to afford equally effective services to individuals with disabilities, including, but not limited to, the Plaintiff, for any and all such services afforded to the public by the Defendant.

 G. The Defendant failed to furnish appropriate services where necessary to afford an individual, including, but not limited to, one with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity conducted or otherwise performed by a place of public accommodation.

 H. The Defendant, despite the Plaintiff's disabled condition and status as a qualified individual with a disability under the terms of the Americans with Disabilities Act, maintained a systematic and continuous deliberate indifference towards the Plaintiff.

 I. The Defendant formulated, implemented, and exercised business practices, policies, and procedures for its own benefit in breach of their duty owed to and contrary to the interest of the Plaintiff and other disabled individuals seeking the services of the Defendant which are willfully oppressive, malicious, grossly negligent and/or reckless.

22. As a direct and proximate result of the aforementioned acts and omissions by the defendants, the Plaintiff was injured and sustained permanent and severe personal injuries, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; incurred other injuries and damages of a personal and pecuniary nature.

23. As a direct and proximate result of the action and omissions of the Defendant, it breached any and all duties owed to the Plaintiff as aforesaid, causing William Youngblood to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the Defendant from engaging in similar conduct in the future is therefore appropriate and would serve the

citizens of Newton County, Indiana, the citizens of Indiana, the citizens of the United States of America and the public interest.

24. Under the terms of the Americans with Disabilities Act, the Plaintiff is entitled to an award of attorney's fees.

**WHEREFORE**, the Plaintiff, William Youngblood, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO, P.C.** pray for judgment against the Defendant, Dolgencorp, LLC., in an amount sufficient to compensate William Youngblood for his damages, for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendant and to deter said Defendant and other retail establishments from engaging in similar conduct in the future and for all other just and proper relief in the premises.

Respectfully submitted,

**Law Offices of Charles P. Dargo, P.C.**


By/ *Charles P. Dargo*_____
Charles P. Dargo
Attorney for Plaintiff


LAW OFFICES OF CHARLES P. DARGO, P.C.
Charles P. Dargo, # 22325-18
Codey L. Spear, #34380-64
Island Grove Building
9151 N. 1200 W.
Demotte, Indiana 46310
219/345-3114
219/345-3224

## **JURY DEMAND**

Comes now the Plaintiffs, by counsel, and hereby demands a trial by jury on all issues presented by way of this litigation.

By/ *Charles P. Dargo*_____
Charles P. Dargo
Attorney for Plaintiffs


LAW OFFICES OF CHARLES P. DARGO, P.C.
Charles P. Dargo, # 22325-18
Codey L. Spear, #34380-64
Island Grove Building
9151 N. 1200 W.
Demotte, Indiana 46310
219/345-3114
219/345-3224